**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5000**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

AURIS GEROD SINGLETARY,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., Senior District Judge. (3:06-cr-00194-MJP)

Submitted: September 11, 2008      Decided: September 15, 2008

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

D. Craig Brown, Florence, South Carolina, for Appellant. Stanley Duane Ragsdale, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Auris Gerod Singletary appeals his jury conviction and 120-month sentence for unlawful possession of 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) (2000). Counsel for Singletary has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that he has found no meritorious issues for appeal, but stating as a possible ground the district court's denial of Singletary's motion to suppress cocaine found in the door panel of the rental vehicle Singletary was driving at the time he was detained for speeding on a South Carolina highway. Singletary has filed a pro se supplemental brief asserting the same ground for relief, and the Government has declined to file a responsive brief. Finding no error, we affirm.

We reject Singletary's assertion that the district court erroneously denied his motion to suppress. This court reviews the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. See United States v. Johnson, 400 F.3d 187, 193 (4th Cir. 2005). The evidence is construed in the light most favorable to the Government, the prevailing party below. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

First, we find that police lawfully stopped Singletary for speeding; observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the driver. See

United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993). A routine and lawful traffic stop permits an officer to detain the motorist to request a driver's license and vehicle registration, to run a computer check, and to issue a citation. See United States v. Rusher, 966 F.2d 868, 876 (4th Cir. 1992). To further detain the driver requires a reasonable suspicion on the part of the investigating officer that criminal activity is afoot. See id. at 876-77. We find that police initially detained Singletary for no longer than was necessary to issue him a warning ticket for his speeding violation.

We also find that the canine sniff of the rental vehicle was lawful because it was conducted during the lawful traffic stop and the canine alerted to unlawful narcotics before entering the vehicle. See Illinois v. Caballes, 543 U.S. 405, 409 (2005). The positive dog alert provided probable cause for the ensuing search of the rental vehicle. See id. Accordingly, we hold that the district court did not err in denying Singletary's motion to suppress the cocaine seized from the rental vehicle.*

We have reviewed the entire record in this case and find no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel

---

*Since we conclude that police had probable cause to search the rental vehicle, we need not address Singletary's assertions that his consent to the search was involuntary or that the search exceeded the scope of his consent.

inform Singletary in writing of his right to petition the Supreme Court of the United States for further review. If Singletary requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Singletary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED